# DISTRICT OF COLUMBIA *v.* BLACKMAN.

### BILLS OF EXCEPTION; RULES OF COURT.

1. It will be presumed, in the absence of anything showing to the contrary that a bill of exceptions was submitted on proper notice to opposing counsel, as required by rule 55 of the lower court.

2. A bill of exceptions submitted to the trial justice within the time prescribed by the rule of court may be retained by the justice for a time necessary to enable him to determine its correctness, and his approval and settlement of it may then be entered *nunc pro tunc.*

3. Where the trial justice to whom was submitted a bill of exceptions within the period prescribed by rule of court signed it after the expiration of such period as of the date of signing it, instead of as of the date of its submission, it was *held* to have been a mere inadvertence; and a motion to dismiss the appeal on the ground that the bill was settled after the time within which it could be done under the rule was denied.

No. 1881.   Submitted April 2, 1908.   Decided April 7, 1908.

HEARING on a motion by the appellee to dismiss an appeal, on the ground that the bill of exceptions in the record was not settled within the time prescribed by the rule of the lower court.                                *Denied.*

The facts are stated in the opinion.

*Mr. Wharton E. Lester* and *Mr. J. Clarence Price* for the motion.

*Mr. E. H. Thomas,* Corporation Counsel, *Mr. Henry P. Blair,* Assistant, and *Mr. T. Percy Myers,* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellee, Thomas Blackman, has moved to dismiss this appeal for the reason alleged that the bill of exceptions in the record was settled after the time within which it could be done under the rules of court.

It appears from the transcript that the judgment was rendered December 20, 1907, during a term of court which expired January 7, 1908. On January 2, an order was made extending the term for thirty-eight days for the purpose of settling the bill of exceptions. The period of extension expired February 20, 1908. The transcript contains an entry showing that the bill of exceptions was submitted to the court on February 18, two days before the expiration of the term fixed. The date of signature appears as of March 6, 1908.

In the absence of anything to the contrary, it must be presumed that this submission of the bill was made upon proper notice, as required by rule 55 of the supreme court of the District of Columbia. This is quite different from a mere filing of a bill with the clerk without calling the same to the attention of the court. The appellant's duty, under the rule, was performed when the bill was prepared and submitted within time to the court for settlement. The bill having been presented within the proper time, the trial justice could have retained it for a time necessary to enable him to determine its correctness, and his approval and settlement of it could have been entered now for then. In signing this bill it was evidently dated as of the day of signature, although the time for settlement had then expired. This was, apparently, a mere inadvertence on the part of the trial justice, whose attention apparently was not called to the fact, and we think, under the circumstances, that it may be considered as an execution now for then.

The motion to dismiss will be overruled with costs.

*Motion denied.*